**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4923**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

ROBERT FRANK PFEILMEIER,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Dever III,
District Judge.  (7:05-cr-00124-D)

———————

Submitted:  November 28, 2007      Decided:  December 17, 2007

———————

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.  George E. B. Holding, United States Attorney, Anne M.
Hayes, Jennifer P. May-Parker, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert F. Pfeilmeier pled guilty to one count of bank robbery by force and violence, or by intimidation, and placing the life of another person in jeopardy through the use of a dangerous weapon, in violation of 18 U.S.C. § 2113(a), (d) (2000). Pfeilmeier was sentenced to ninety months' incarceration. Finding no error, we affirm.

On appeal, Pfeilmeier challenges the presumption of reasonableness this court affords post-Booker[*] sentences imposed within a properly calculated guidelines range. The Supreme Court's recent decision in Rita v. United States, 127 S. Ct. 2456 (2007), however, forecloses this argument. See also United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006), cert. denied, 127 S. Ct. 3044 (2007); United States v. Johnson, 445 F.3d 339, 341-42 (4th Cir. 2006); United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006); United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

While Pfeilmeier concedes that his sentencing guidelines range was correctly calculated, he contends that the district court's imposition of a sentence within the guidelines range was still unreasonable. First, Pfeilmeier asserts that the presumptively reasonable nature of the Sentencing Guidelines forced

---

[*]United States v. Booker, 543 U.S. 220 (2005).

the district court to give the guidelines undue weight in comparison to the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). However, the district court followed the appropriate sentencing procedure, as the court first calculated the proper guidelines range and then considered all of the § 3553(a) factors. See United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). Furthermore, this court has noted that sentences within the guidelines range are presumptively reasonable because most of the § 3553(a) factors are already incorporated into their calculation. See Johnson, 445 F.3d at 342-43. Accordingly, Pfeilmeier's claim is meritless.

Pfeilmeier also argues that application of the guidelines in his case is unreasonable in light of his severe and chronic health problems, as he suffers from depression, substance abuse, and a degenerative spinal condition. However, the district court heard argument on this issue and explicitly noted that it had considered Pfeilmeier's personal history and characteristics, including his substance abuse issues, and that the sentence took into account the defendant's need for medical care. Therefore, because the district court properly calculated and considered the advisory guidelines range and weighed the relevant § 3553(a) factors, we conclude Pfeilmeier's sentence, which was below the statutory maximum and within the advisory guidelines range, is

reasonable.  See Green, 436 F.3d at 455-56; Hughes, 401 F.3d at 546-47.

Accordingly, we affirm Pfeilmeier's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED